```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


MARY GETTS BLAND,              )
                               )
     Plaintiff,                )
                               )
          v.                   )   1:10cv1030 (JCC/JFA)
                               )
FAIRFAX COUNTY, VIRGINIA,      )
                               )
     Defendant.                )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Fairfax County, Virginia's (the "Defendant" or the "County"), Motion to Quash Witness Subpoenas [Dkt. 47] (the "Motion to Quash"). For the following reasons, the Court will deny Defendant's Motion to Quash.

### I. Background

A. Factual Background

This case arises out of alleged incidents of sexual harassment by a male firefighter in the Fairfax County Fire and Rescue Department (the "Department") against a female firefighter. Plaintiff Mary Getts Bland ("Plaintiff" or "Bland") alleges that by allowing Lieutenant Timothy Young ("Young") to harass her, the County violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to e17.

1

Plaintiff served the following seven subpoenas to appear and testify (each a "subpoena" and together the "subpoenas") at the jury trial on this matter commencing on May 23, 2011, each as evidenced by the filed affidavit of service:

- Robert Michael Mohler, served on May 5, 2011.  [Dkt. 38.]
- Sean O'Connor, served on May 5, 2011.  [Dkt. 39.]
- Charleen Ray, served on May 10, 2011.  [Dkt. 40.]
- Hector Rivera, served May 10, 2011.  [Dkt. 41.]
- Nancy Sanfacon, served May 5, 2011.  [Dkt. 42.]
- Alyssa Vance, served May 11, 2011.  [Dkt. 43.]

The County also represents that Alessandra Hurtado was served with a subpoena, (Memorandum in Support [Dkt. 48] ("Mem.") at 1), though there does not appear to be an affidavit of service on the docket.

All of these individuals are current employees or volunteers with the Fairfax County Fire and Rescue Department. *Id.* According to the County, all of the witness subpoenas were mailed via either Federal Express or Certified Mail, and all of the witnesses except for O'Connor, Mohler and Sanfacon received their witness subpoenas after Monday, May 9, 2011.  *Id.*

### B. Procedural Background

Plaintiff filed suit against the County on September 15, 2010.  [Dkt 1.]  The County filed its Motion to Quash on May 13, 2011.  [Dkt. 47.]  Plaintiff opposed on May 18, 2011, [Dkt.

55], and the County replied in support on May 19, 2011, [Dkt. 64].

Defendant's Motion is before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 45 governs subpoenas in federal courts and provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Local Civil Rule 45(E) states that "[e]xcept as otherwise ordered by the Court for good cause shown, subpoenas for attendance of witnesses at hearings or trials in civil actions shall be served not later than fourteen (14) days before the date of the hearing or trial." The decision whether to enforce or quash a party's subpoena is within the district court's discretion. *See United States v. Guild*, No. 1:07cr404, 2008 WL 169355, at *1 (E.D. Va. Jan. 15, 2008) (citations omitted).

## III. Analysis

Defendant argues that the subpoenas are defective because they were not properly served, as they were served by FedEx and certified mail. (Mem. at 2.) Defendant further argues that certain of Plaintiff's subpoenas were untimely

3

served, and thus the subpoenas served on those witnesses should be quashed. (Mem. at 1.) Plaintiff counters that every witness "that counsel for Plaintiff has contacted" has indicated that he or she is willing to testify and are able to appear so long as the County does not require them to work. (Opposition [Dkt. 55] ("Opp.") at 1.) The Court will address each argument in turn.

### A. Proper Service

Defendant first argues that the subpoenas are defective because they were not properly served, as they were served by FedEx and certified mail instead of by personal service. (Mem. at 2.) In her Opposition, Plaintiff does not address whether service was proper.[1]

Federal Rule of Civil Procedure 45(b) provides that "[s]erving a subpoena requires delivering a copy to the named person." According to a leading treatise, "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally." Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.) As noted by Wright and

---

[1] At oral argument, Plaintiff argued that Defendant lacks standing to move to quash the at-issue subpoenas. *See United States v. Idema*, 118 F. App'x 740, 744 (2005) ("Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena.") (citations omitted). The County argued that it has standing because it has an obligation to provide leave to the subpoenaed employees. Because of the Court's disposition of this Motion to Quash, the Court does not reach this issue.

4

Miller, however, "[i]n recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service." *Id*. at § 2454

Neither the Fourth Circuit nor this Court appears to have addressed whether FedEx/certified mail service is proper under Rule 45(b). One case in this Circuit, *Hall v. Sullivan*, 229 F.R.D. 501 (D. Md. 2005), held that Rule 45(b) does not require personal service and "delivery of the subpoena via Federal Express comported with the service requirements of Rule 45." 229 F.R.D. at 506. The *Hall* court acknowledged that the majority of courts appear to hold that Rule 45 requires personal service of subpoenas, but stated that "a minority of better reasoned cases recently have challenged the wisdom of the majority view and have instead held that personal service is not required." *Id*. at 503. *Hall* reasoned that "courts that have embraced the minority position have in common a willingness to acknowledge *that Rule 45 itself does not expressly require personal in-hand service*, and a practical appreciation for the fact that *the obvious purpose of Rule 45(b) is to mandate effective notice* to the subpoenaed party, rather than slavishly adhere to one particular type of service." *Id*. at 504 (emphasis added).[2]

---

[2] The *Hall* court, however, expressly limited its ruling to subpoenas *duces tecum*, which require only the production of documents. *Hall*, 229 F.R.D. at

5

In interpreting a statute, courts begin with the text of the provision at issue. *N.Y. State Conference v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995). The "preeminent canon of statutory interpretation requires [courts] to 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). The Court is mindful that "[i]n a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Ramey v. Director, Office of Workers' Comp. Program*, 326 F.3d 474, 476 (4th Cir. 2003) (citing *Estate of Cowart v. Nicklos Drilling Co.,* 505 U.S. 469, 475 (1992)). A court's "inquiry begins with the statutory text, and ends there as well if the text is unambiguous." *BedRoc Ltd.*, 541 U.S. at 183 (citing *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004)). Thus, the Court will begin by looking the text of Rule 45.

---

506. The court stated that "where the only thing at stake is the production of documents, and the subpoenaed party need only object to shift the burden on the requesting party to file a motion to compel production of the requested documents, I see no reason to require in-hand delivery of subpoenas--so long as the service is in a manner that reasonably ensures actual receipt of the subpoena by the witness." *Id.*

6

Rule 45 provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena." The rule then states that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Thus, a person must serve a subpoena, which requires delivery of a copy to the named person. The operative term here is "delivering."

The term "delivering" is not defined in the Federal Rules of Civil Procedure. "When a word is not defined by statute, [courts] normally construe it in accord with its ordinary or natural meaning." *Smith v. United States*, 508 U.S. 223, 228 (1993). As for the ordinary or natural meaning of "deliver," the American Heritage Dictionary defines "deliver" as, among other things, "[t]o bring or transport to the proper place or recipient; distribute." American Heritage Dictionary of the English Language 494 (3d ed. 1992). "Transport" is defined as "[t]o carry from one place to another; convey." *Id*. at 1903. And, "convey" is defined as, among other things, "[t]o take or carry from one place to another; transport" and "[t]o communicate or make known; impart." *Id*. at 412. With these definitions in mind, the Court finds that the common meaning of "delivering," thus, does not foreclose sending via FedEx or certified mail. The language of Rule 45(b) neither strictly requires personal service nor prohibits alternative means of service. Though it may be somewhat awkward under its dictionary

7

definitions, "delivering," in the sense of "transporting" from one place to another or "conveying" information, could in common usage encompass sending whatever is to be delivered via FedEx or certified mail.  Put simply, it is reasonable, common usage to say, in the sense of delivering a document to another, "I will deliver it to you via FedEx or certified mail."  This reading, however, is not compelled by Rule 45(b)'s text to the exclusion or other readings, just as its text does not compel reading "deliver" to mean *only* personal service.  For those reasons, the statute does not speak with clarity to the issue of what constitutes a proper method of "delivery," and thus, the text, in itself, does not end the Court's inquiry.  *Ramey*, 326 F.3d at 476.

Fortunately, Federal Rule of Civil Procedure 1 provides a helpful guide in interpreting Rule 45(b).  Rule 1 provides that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  By its plain terms, Rule 1 provides guidance as to how courts should interpret all Federal Rules of Civil Procedure and "serves as a reminder that in interpreting a rule that is not clear on its face a court should not exalt form over substance."  *Hall*, 229 F.R.D. at 504.

8

Bearing in mind Rule 1, construing "deliver" in Rule 45(b) and administering that rule to secure the speedy and inexpensive determination of every action, Rule 45(b) encompasses sending via FedEx or certified mail. Particularly in a case where, as here, the witness have agreed to testify and have received the subpoenas well in advance of trial, reading Rule 45(b) to categorically *exclude* service via FedEx and certified mail would run afoul of Rule 1's dictates as to how the Federal Rules of Civil Procedure must be read.

The District Court of Colorado in *E.A. Renfroe & Company, Inc. v. Moran*, No. 08-cv-00733, 2008 WL 1806200 (D. Colo. Apr. 21, 2008) (Watanabe, Mag. J.), conducted the same analysis and came to the same result. *Renfroe* started with the language of the statute, noting that the language of Rule 45(b) "neither strictly requires in-hand service nor prohibits alternative means of service." 2008 WL 1806200, at *4. The *Renfroe* court then examined the American Heritage Dictionary of the English Language definitions of "deliver," "transport," and "convey" and found that "[n]othing in the everyday meaning of any of these words expresses or suggests a requirement that 'delivery' be effected exclusively by the hand of one human being to the hand of another." *Id*. The Court agrees with *Renfroe* for the reasons set forth above.

9

*Renfroe* then stated that reading Rule 45(b) "to require personal service would also render superfluous that part of Rule 45 indicating that '[p]roving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service.'" 2008 WL 1806200, at *5 (quoting Fed. R. Civ. P. 45(b)(4)). "If the only manner of service permitted under the rule were by hand," the court reasoned, "no statement of the manner of service would be necessary." *Id.* One canon of statutory interpretation is that "against interpreting any statutory provision in a manner that would render another provision superfluous." *Bilski v. Kappos*, 130 S. Ct. 3218, 3228 (2010) (internal citations omitted). This canon carries particular weight where, as here, the plain text of a statute does not compel one reading to the exclusion of others. Thus, this Court agrees with *Renfroe* in that if there were only one acceptable manner of service, there would be no need to state it.

*Renfroe* also notes the similarities between Rule 4, governing issuance and service of a summons, and Rule 45. 2008 WL 1806200, at *5. Both Rule 4 and Rule 45 contain the elements of notice and compulsion. *Id.* Rule 4(e) provides that a person "may be served in a judicial district of the United States by . . . delivering a copy of the summons and of the complaint *to the individual personally*." Fed. R. Civ. P. 4(e)(2)(A), (B)

(emphasis added).  This is an example that where the rules favored personal service to the exclusion of other methods, the rules say so.

A recent Eastern District of Michigan case reviewed the state of this issue.  *OceanFirst Bank v. Hartford Fire Ins. Co.*, No. 11-50051, 2011 WL 1641976, at *1 (E.D. Mich. May 2, 2011).  *OceanFirst* noted that, like the Fourth Circuit, the Sixth Circuit has not address whether Rule 45(b) requires personal service.  *Id*.  It then noted that the Fifth, Ninth, and D.C. Circuits have held that personal service is required.  *Id*. (citing *Robertson v. Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[T]he rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance."); *Chima v. United States Dep't of Defense*, 23 F. App'x 721, 724 (9th Cir. 2001) (concluding that district court did not err when it failed to compel individuals, who were recipients of subpoenas from the plaintiff, to comply with subpoenas and attend trial, where subpoenas were served by mail rather than personal service); and *FTC v. Compagnie De SaintGobain-Pont-A-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980)).[3]  *OceanFirst* then noted that the

---

[3] A recent D.C. District case confirms the *OceanFirst* courts view as to the state of the law in that district.  *See Call of the Wild Movie, LLC v. Does 1-1,062*, --- F. Supp. 2d ----, Nos. 10-455, 10-569, 10-1520, 2011 WL 996786, at *22 (D.D.C. Mar. 22, 2011) (considering a mailed and faxed subpoena, citing *Hall* and stating that "Courts in [the District of Columbia] have not followed this path").  It is worth noting, however, that the same case stated that "[t]he Court acknowledges that strict adherence to the literal

majority of lower courts also have held that Rule 45 requires personal service. *OceanFirst*, 2011 WL 1641976, at *1 (collecting cases).

*OceanFirst* reasoned, like *Hall*, that the text of Rule 45(b) "does not unequivocally require" personal service, but instead, service "requires delivering a copy" of the subpoena to the witness without specifying the *method* of delivery. *Id*. at *2. The court went on to state that "[w]hen hand-to-hand delivery is required, the [Federal Rules of Civil Procedure] generally indicate that requirement by designating 'personal' service," *id*., citing Fed. R. Civ. P. 4(e)(2)(A), 4(f)(2)(C)(i). The court in *Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994), a case cited favorably by *Hall*, addressed this argument as well. There, the court reasoned that "[i]f 'delivering . . . to such person,' as stated in Rule 45(b)(1), required personal, in-hand service, then 'personally' in Rule 4(e)(1) would be pure surplusage." 155 F.R.D. at 631. The *OceanFirst* court ultimately "[wa]s persuaded by and adopt[ed] the reasoning of the courts that interpret Rule 45 to allow service of a subpoena by alternate means," but only "once the party seeking evidence demonstrates an inability to effectuate service after a diligent effort." 2011 WL 1641976, at *2.

---

interpretation of Rule 45(b)(1) may place form over substance, particularly when, as here, the subpoenaed party acknowledges that it received the subpoena at issue." *Id*. at *23.

12

The Court notes that a number of other courts to address the issue have joined with the minority position in permitting other than personal service for Rule 45(b) third party witness subpoenas. *See, e.g.*, *Powell v. Time Warner Cable, Inc.*, No. 2:09cv006, 2010 WL 5464895, at *3 (S.D. Ohio Dec. 30, 2010) (stating that "[u]nder the circumstances presented in the instant case, the Court finds that [the] service of the subject subpoena via certified mail satisfies Rule 45(b)'s service requirements"); *New Jersey Bldg. Laborers' Statewide Benefit Funds v. Torchio Bros.*, No. 08-552, 2009 WL 368364, at *2 (D.N.J. Feb. 11, 2009) ("Certified mail serves the same purpose as Rule 45(b) which is to mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service.") (internal quotation marks and citations omitted); *Halawani v. Wolfenbarger*, No. 07–15483, 2008 WL 5188813, at *3 (E.D. Mich. Dec. 10, 2008) (stating that personal delivery is not required by Rule 45 and that certified mail may assure proper delivery service of a subpoena *duces tecum*); *Cartier v. Geneve Collections, Inc.*, No. cv2007–0201, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008) (recognizing that alternative forms of service may be permissible under Rule 45 "if [the service] is designed to reasonably insure the actual receipt of the subpoena by the witness," and that the New York federal courts that have "sanctioned alternatives means of

service" have done so "only after the plaintiff had diligently to attempted to effectuate personal service and presented proof [of such]"); *Tubar v. Clift*, No. 05-1154, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007) (finding that the plain language of Rule 45 does not require personal service and, thus, personal service is not required, but ensuring delivery is necessary and plaintiff's facsimile service was insufficient); *Ultradent Products, Inc. v. Hayman*, No. M8-85, 2002 WL 31119425, at *3-4 (S.D.N.Y. Sept. 24, 2002) (finding that service of subpoena on third party witness by certified mail was sufficient to satisfy Rule 45); *In re Falcon Air Exp., Inc.*, No. 06-11877, 2008 WL 2038799, at *2-3 (Bkrtcy. S.D. Fla. May 8, 2008) (stating that "this Court rejects as antiquated the so-called majority position interpreting Rule 45 as requiring personal service, and instead chooses to adopt the better-reasoned, modern, emerging minority position, which holds that substitute service of a subpoena is effective on a nonparty witness under Rule 45" and finding permissible a subpoena served on a party's wife at a residence owned by him).

This Court agrees with the growing minority trend, at least in a case such as this one, where witnesses agreed to testify, actually received the at-issue subpoenas in advance of trial, and the non-personal service was effected by means reasonably sure to complete delivery. This result is dictated

14

by the text of Rule 45(b), when considered in light of the guidance of Rule 1 that the rules should be should be construed and administered to secure the just, speedy, and inexpensive determination of every action. Where subpoenas are received by witnesses who are willing to testify, categorically barring sending those subpoenas via FedEx and certified mail would not secure the just, speedy, and inexpensive determination of the action. This perhaps, places substance over form. But the form of Rule 45(b), as set forth above, does not compel requiring personal service to the exclusion of other manners of service. Accordingly, the Court will deny Defendant's Motion to Quash as to its improper method of service argument.

B. Timeliness

Defendant further argues that certain of Plaintiff's subpoenas were untimely served, and thus the Vance, Hurtado, Ray, and Rivera subpoenas should be quashed. (Mem. at 1.)

a. Federal Rule of Civil Procedure 45(c)(3)

Plaintiff argues that Federal Rule of Civil Procedure 45(c)(3) governs the timeliness of her subpoenas, not Local Rule 7(E). (Opp. at 2.) To the extent Plaintiff argues that Rule 45 precludes Local Rule 45(E), her argument must fail, as Federal Rule of Civil Procedure 83(a) permits courts to adopt local rules not inconsistent with the Federal Rules.

Rule 45(c)(3)(A) sets forth when a court "must" quash a subpoena and is inapplicable here. Rule 45(c)(3)(B) sets forth when a court "may" quash a subpoena and is inapplicable here. Plaintiff argues that Federal Rule 45(c)(3)(I), not Local Rule 45(E), governs timeliness and "permits a court to quash a subpoena if the subpoena 'fails to allow a reasonable time to comply.'" (Opp. at 2.)

First, Local Rule 45(E) plainly governs when a subpoena is not timely served. It does not *require* a court to quash a subpoena, but clearly states that "[e]xcept as otherwise ordered by the Court for good cause shown, subpoenas for attendance of witnesses at hearings or trials in civil actions *shall be served not later than fourteen (14) days before the date* of the . . . trial." Local Civil Rule 45(E) (emphasis added). *See also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 279 (4th Cir. 2005) (stating that subpoenas served during the trial seeking to have the witnesses appear the next day were "in clear violation of a local rule that requires service of subpoenas no less than fourteen days before trial," citing Local Civil Rule 45(E), and stating that the district court did not abuse its discretion in denying those subpoenas as untimely).

Second, Plaintiff's citation to Federal Rule 45(c)(3)(I), by which the Court assumes she means Rule 45(c)(3)(A)(i), provides that a court *must* quash a subpoena that

16

"fails to allow a reasonable time to comply." The Court agrees with Plaintiff that Rule 45(c)(3)(A)(i) does not *compel* it to quash the subpoenas at issue here, because even if late Plaintiff did not fail to allow a reasonable time to comply. The Court finds, however, that Federal Rule 45(c)(3)(A)(i) does not, by its plain terms, resolve the issue and, thus, Local Civil Rule 45(E) and its clear timeliness requirement govern.

    b. <u>Good Cause Arguments</u>

As stated above, Local Rule 45(E) does not *require* a court to quash a subpoena, instead permitting the court to "otherwise order[] . . . good cause shown."

In support of her good cause argument, Plaintiff argues that "all of the witnesses . . . were notified" that they were needed to testify at trial "well before they received their subpoenas." (Opp. at 2.) Plaintiff also asserts that "[a]ll of the witnesses have received their subpoenas, and all are willing to testify so long as [the County] does not prevent them from doing so." (Opp. at 3.) That all of the witnesses have *agreed* to testify and were notified that they would be called to testify at trial well before they received their subpoenas is sufficient good cause to decline to quash the subpoenas.

## IV. Conclusion

For these reasons, the Court will deny Defendant's Motion to Quash.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 20, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |