IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MARY GETTS BLAND,               )
                                )
        Plaintiff,              )
                                )
        v.                      )   1:10cv1030 (JCC/JFA)
                                )
FAIRFAX COUNTY, VIRGINIA,       )
                                )
        Defendant.              )


**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Fairfax
County, Virginia's (the "Defendant" or the "County"), Motion in
Limine.  [Dkt. 44.]  For the following reasons, the Court will
grant in part and deny in part Defendant's Motion in Limine.

## I.  Background

This case arises out of alleged incidents of sexual
harassment by a male firefighter in the Fairfax County Fire and
Rescue Department (the "Department") against a female
firefighter.  Plaintiff Mary Getts Bland ("Plaintiff" or
"Bland") alleges that by allowing Lieutenant Timothy Young
("Young") to harass her, the County violated Title VII of the
Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to e17.

In advance of the jury trial that began on May 23,
2011, Defendant filed a Motion in Limine to exclude certain
testimony and exhibits.  (Memorandum in Support [Dkt. 46]

1

("Mem.") at 1.)  Plaintiff opposed on May 18, 2011, [Dkt. 57],

and Defendant replied in support on May 19, 2011, [Dkt. 65].

Defendant's Motion is before the Court.

## II.  Standard of Review

All relevant evidence is admissible unless there are

constitutional, statutory, and rule-based exceptions preventing

its admission.  Fed. R. Evid. 402.  Rule 401 of the Federal

Rules of Evidence defines "relevant" evidence as "evidence

having any tendency to make the existence of any fact that is of

consequence to the determination of the action more probable or

less probable than it would be without the evidence."  Fed. R.

Evid. 401.  A district court's rulings on the admissibility of

evidence are reviewed for abuse of discretion.  *See United

States v. Perkins*, 470 F.3d 150, 155 (4th Cir. 2006).

## III.  Analysis

The County objects to the introduction of evidence in

this case regarding unrelated incidents of alleged sexual

harassment that were not perceived or known by Plaintiff and

that occurred outside of Plaintiff's work location.  (Mem. at

1.)  Specifically, the County argues that Plaintiff "should be

precluded from introducing the evidence . . . because it is

hearsay; it is irrelevant to any issue in this case; it is not

probative and is prejudicial; and it is likely to confuse the

issues and mislead the jury, and be a waste of time." (Mem. at 8.)

A.    The County's Overarching Objection

Defendant makes an overarching argument that "events and incidents that occurred after Young's conduct directed at Bland had ceased, or that occurred away from Bland's work location, or that occurred without her knowledge or awareness, *are not admissible as evidence of Bland's perception that her work environment was hostile*." (Mem. at 7 (emphasis added).)

To establish a claim against an employer under Title VII for creating a hostile work environment because of sexual harassment, "a plaintiff must show 'that the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer.'" *Ziskie v. Mineta*, 547 F.3d 220, 224 (4th Cir. 2008) (citing *Ocheltree v. Scollon Prod., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003)).

As to the third element, "whether the conduct was 'severe or pervasive' enough to create an abusive work environment[,] [t]here are 'both subjective and objective components' to this element." *Ziskie*, 547 F.3d at 227 (quoting *Ocheltree*, 335 F.3d at 333). Thus, "[t]he environment must be perceived by the victim as hostile or abusive," the subjective

portion, "and that perception must be reasonable[,]" the objective portion of the test. *Id*. (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993)). "The objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id*. (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998)).

Whether harassment is severe or pervasive discrimination "depends on a constellation of surrounding circumstances, expectations, and relationships." *Jennings v. Univ. of N. Carolina*, 482 F.3d 686, 696 (4th Cir. 2007) (citing *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 651 (1999)). "All the circumstances are examined." *Id*. (citing *Davis*, 526 U.S. at 650-51). Significantly, "[e]vidence of a general atmosphere of hostility toward those of the plaintiff's gender is considered in the examination of all the circumstances." *Id*. (citing *Harris*, 510 U.S. at 19).

Defendant argues that "Bland cannot rely on incidents and events that she did not witness and that she was not aware had occurred to establish that Young's conduct was sufficiently severe or pervasive." (Mem. at 6.) The Court disagrees.

Whether the alleged harassment is severe or pervasive discrimination has both subjective and objective components. *Ziskie*, 547 F.3d at 227. The plaintiff's perception must be

reasonable, and "[t]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Id.* Thus, evidence of incidents and events illustrating a general atmosphere of hostility has a tendency to make the existence of a severe or pervasive environment, *from an objective perspective*, more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Indeed, as the Fourth Circuit has stated, "[e]ven if [the plaintiff] did not witness the conduct . . . it is nonetheless relevant because it could contribute to the evidence offered to show that the workplace environment . . . was indeed a hostile one." *Ziskie*, 547 F.3d at 225. "Evidence that . . . [the plaintiff's] co-workers experienced treatment similar to that claimed by [the plaintiff] could lend credence to [the plaintiff's] claims about her own treatment, show that the harassment she alleges was indeed pervasive, or support a finding that she was treated badly by co-workers because of her gender, and not some other reason." *Id.* at 225-26. The *Ziskie* court stated that "conduct experienced by the plaintiff may well be *more probative* of a hostile workplace than is conduct *the plaintiff did not herself witness*. But that *goes to the weight* evidence should be given, *not its relevance or admissibility*." 547 F.3d at 225 (emphasis added). Accordingly, evidence that Plaintiff's co-workers

experienced treatment similar to that alleged by Plaintiff is
relevant and admissible as to the *objective* portion of the
severe or pervasive element, unless there is another exception
barring its admission.

Defendant cites *Pueschel v. Peters*, 577 F.3d 558 (4th
Cir. 2009), in support of its argument that the Court may not
admit evidence of incidents Bland did not witness and that
occurred after Young's conduct ceased. *Pueschel* address a
materially different situation. In that case, the plaintiff was
placed by her employer on leave without pay in 1994 and remained
on leave until she was terminated in 1999. *Id*. at 561. The
incidents that the plaintiff alleged created a hostile work
environment occurred in 1997 and 1998, while she was on leave.
*Id*. at 565. Thus, the Fourth Circuit held that the plaintiff
could not prevail because the abusive work environment, based
upon her allegations, *did not exist* until three years *after she
left* the workplace. 577 F.3d at 565-66. In this case, Bland
was an employee of the County, reporting to work and at the
workplace during the period of time in which the allegedly
abusive work environment existed. Thus, *Pueschel* does not alter
the Court's reasoning above.

Defendant also cites *King v. McMillan*, 594 F.3d 301
(4th Cir. 2010), in support. There, the district court, in
conducting a Federal Rule of Evidence 403 analysis, concluded

that the probative value of the testimony concerning conduct
that *plaintiff was unaware of* was *not* substantially outweighed
by the danger of unfair prejudice and admitted it.  *King*, 594
F.3d at 511.  The court further concluded that it could *avoid*
any unfair prejudice by only admitting testimony of harassment
that occurred during "'the same timeframe' of [plaintiff's]
employment."  *Id*.  The Fourth Circuit affirmed the trial court
on this instruction because "Rule 403 judgments are preeminently
the province of the trial courts."  *Id*. (internal citations and
quotation marks omitted).  Defendant, in its reply, argues that
*King* therefore limited admissible evidence to the "same time
frame" as the "alleged harassment."  (Reply [Dkt. 65] at 2.)
That is incorrect; *King* states that "[t]he court further
concluded that it could avoid unfair prejudice by only admitting
testimony of harassment that occurred during 'the same
timeframe' of King's *employment*."  594 F.3d at 511 (emphasis
added).  Thus, *King* does not limit admissible evidence to the
timeframe of the alleged harassment, but to the time of the
employment.[1]

---

[1] Defendant also cites *Mems v. City of St. Paul, Department of Fire and Safety Services*, 327 F.3d 771 (8th Cir. 2003), for support.  In that case, the Eighth Circuit approved of a jury instruction stating that "[a] Plaintiff may only rely on evidence relating to discrimination that he was aware of during the time that he was allegedly subjected to a hostile work environment.  A Plaintiff cannot *subjectively perceive* behavior towards others as creating a hostile work environment unless he knew about the behavior."  *Id*. at 783 (emphasis added).  The instructions address the plaintiff's *subjective* perception.  To the extent the Eighth Circuit would have approved the same instruction as to the *objective* element of the severe or pervasive inquiry, the Court declines to follow it for the reasons set forth above.

B.    Character Evidence

Defendant, in its reply, argues that "Bland's claim that the County is seeking to exclude evidence of 'Young's penchant for sexually objectifying women,' clearly demonstrates Bland's intent to offer the evidence to disparage Young's character."  (Reply at 2.)

Rule 404 of the Federal Rules of Evidence governs whether and when character evidence is admissible.  "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion."  Fed. R. Evid. 404(a); *see also Securities and Exchange Comm'n v. Drescher*, No. 99civ1418, 2001 WL 1602978, at *2 (S.D.N.Y. Dec. 13, 2001) ("[A]s a general matter, character evidence in civil cases is inadmissible."); *see also King*, 594 F.3d at 511 ("Further, the court reduced the risk of confusion by instructing the jury that the testimony was not character evidence.").  Rule 404(b), however, provides that "[e]vidence of other . . . wrongs[] or acts is not admissible to prove the character of a person in order to show action in conformity therewith[, but] [i]t may, however, *be admissible for other purposes*, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  Rule 404(b) applies to civil cases.  *See Huddleston v. United States*, 485 U.S. 681, 685 (1988) (stating that "Federal

Rule of Evidence 404(b) . . . applies in both civil and criminal cases"). The upshot of these rules is that a person's character or a trait of character, including evidence of other acts, is not admissible for the purpose of proving action in conformity therewith on a particular occasion. It is, though, admissible for *other purposes*.

The threshold requirements for admitting evidence under Rule 404(b) are (1) whether the evidence is relevant to an issue other than character and (2) whether the probative value of the evidence is substantially outweighed by its prejudicial effect. *Parks v. Wilson*, 68 F.3d 461 (Table), 1995 WL 610341, at *2 (4th Cir. 1995) (citing *Morgan v. Foretich*, 846 F.2d 941, 944 (4th Cir. 1988)). A trial court's rulings under Rule 404(b) are in its discretion unless the rulings are an "arbitrary, irrational exercise of discretion." *Id.* (citing *Garraghty v. Jordan*, 830 F.2d 1295, 1298 (4th Cir. 1987)). A district court's decision not to admit Rule 404(b) evidence will only be reversed for an abuse of discretion. *Id.*

Thus, with respect to evidence of "Young's penchant for sexually objectifying women," that evidence will be inadmissible for the purpose of proving action in conformity therewith. That is, evidence that Young harassed Jane Doe is *inadmissible* to prove that Young harassed Bland. It may be admissible for *other purposes*, however, including, under *Ziskie*,

9

547 F.3d at 225, to show that the workplace environment was indeed an objectively hostile one.

### C.   The Lynchburg Incident

Bland intends to present evidence that Young harassed Stacey Williams at a firefighters' convention sometime in 2004 or 2006 in Lynchburg, Virginia.  (Opp. at 3; Mem. at 9.) Williams is expected to testify about statements that Young made to her that she felt were inappropriate and that she reported to Mohler, and Bland is expected to call Mohler to testify to Williams's reporting to him.  (Opp. at 3; Mem. at 9.)

The County first argues that Mohler's testimony regarding Williams's statements to him "does not meet the requirement of [Federal Rule of Evidence] 801(d)(2) and is therefore inadmissible hearsay."  (Mem. at 9.)

Federal Rule of Evidence 801(d)(2) provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Defendant's argument, however, assumes the statement is hearsay.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801(c).  Thus, an essential element of whether a statement

is hearsay at all is determining for what purpose(s) the statement is offered.  If not offered for the truth of the matter it asserts, it is not hearsay.  Significantly, "'evidence is not hearsay when it is used only to prove that a prior statement was made and not to prove the truth of the statement.'"  *United States v. Ayala*, 601 F.3d 256, 272 (4th Cir. 2010) (quoting *Anderson v. United States*, 417 U.S. 211, 220 n.8 (1974)).  Thus, a statement is not hearsay when the statement is offered to show that the County was on notice of the statement.  *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002) (holding that testimony as to three other complaints of sexual harassment was not hearsay because it was offered to prove that the employer was on notice of the complaint rather than for the truth of the matter asserted), abrogation on other grounds recognized by *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007); *see also Southerland v. Sycamore Cmty Sch. Dist. Bd. of Educ.*, 125 F. App'x 14, 22 (6th Cir. 2004) (holding that rumor testimony and notes were admissible as non-hearsay because they were not offered to prove the truth of the matters they asserted, but instead were used to show that government officials had knowledge of the problem); *Dixon v. Int'l Fed'n of Accountants*, No. 09cv2839, 2010 WL 1424007, at *2 n.4, (S.D.N.Y. Apr. 9, 2010) (holding that evidence of complaints by other employees

against the plaintiff was non-hearsay because it was not offered
for the truth of the matter asserted--that the plaintiff
actually did the things complained of--but offered to show that
plaintiff's employer was on notice of the complaints).  A
statement is also not hearsay if it is offered to prove
knowledge or show the effect on the listener or listeners' state
of mind.  *United States v. Safari*, 849 F.2d 891, 894 (4th Cir.
1988).  Thus, when used to show notice, knowledge, or effect on
the listener, Mohler's statement is not hearsay and,
accordingly, the Court will not bar it *on that basis*.  It may,
however, be barred for other reasons.

Defendant next argues that the fact that Williams was
not a County employee and that the alleged conduct occurred when
Mohler and Williams were not at work means that the statement
cannot be imputable to the County.  (Mem. at 10.)  The County
also argues that the Williams statement is inadmissible because
Bland was not aware of the event, and thus it has no probative
value and is prejudicial.  (Mem. at 10.)

As to its relevance, to establish a claim against an
employer under Title VII for creating a hostile work environment
because of sexual harassment, as stated above, "a plaintiff must
show that the offending conduct . . . was imputable to her
employer.'"  *Ziskie*, 547 F.3d at 224 (internal quotations and
citations omitted).  As for imputing Young's conduct to the

County, "[i]n a case where an employee is sexually harassed by a coworker . . . the employer may be liable only 'if it knew or should have known about the harassment and failed to take effective action to stop it.'" *Howard v. Winter*, 446 F.3d 559, 565 (4th Cir. 2006) (emphasis added) (quoting *Ocheltree*, 335 F.3d at 334).

Rule 401 of the Federal Rules of Evidence defines "relevant" evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The fact that Williams was not an employee of the County and the alleged conduct occurred at a convention in Lynchburg and not at Bland's work makes tenuous any connection to the fact of consequence it is meant to address: whether the County was on notice that Young harassed Bland, a County employee, at work. That Young allegedly harassed a non-Department employee, at a non-Department work event in Lynchburg, has little bearing on whether the County knew or should have known about Young's alleged harassment of a Department coworker on Department time and in the County.

Moreover, as to whether it is prejudicial, Rule 403 provides that all relevant evidence is admissible unless its probative value is "substantially outweighed by the danger of

unfair prejudice, confusion of the issues, or misleading the jury."  Fed. R. Evid. 403.  As the Fourth Circuit has stated, Rule 403 "only requires suppression of evidence that results in unfair prejudice--prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion, and only when that unfair prejudice substantially outweighs the probative value of the evidence." *United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003) (internal quotation marks and citation omitted).  And, trial courts have discretion in making Rule 403 determinations. *See, e.g.*, *United States v. Morison*, 844 F.2d 1057, 1078 (4th Cir. 1988), cert. denied, 488 U.S. 908 (1988) ("[T]he appraisal of the probative and prejudicial value of evidence under Rule 403 is entrusted to the sound discretion of the trial judge; absent extraordinary circumstances, the Court of Appeals will not intervene in its resolution.").

Here, the Court finds that the probative value of the Williams incident is substantially outweighed by the danger of unfair prejudice.  As set forth above, any connection between the Williams incident and a fact of consequence here is tenuous, at best.  On the unfair prejudice side of the inquiry, evidence that Young allegedly harassed a non-County employee outside of may confuse the issue of whether he harassed a County employee at work.  Thus, this evidence will result in unfair prejudice,

as it will damage the opponent for reasons other than its probative value, and that unfair prejudice substantially outweighs its minimal probative value.

      D.   <u>The Philadelphia Incident</u>

      A witness, Charleen Ray, an employee of the County, is expected to testify that Young made statements to her while they were attending a conference in Philadelphia.  (Mem. at 10.) According to Defendant, Ray never reported these statements. *Id.*

      Defendant argues that Ray's testimony about Young's alleged harassment does meet the requirements of Rule 801(d)(2) and is therefore inadmissible hearsay.  *Id*.  Like that above, this argument assumes the statement is hearsay and, then, argues that it does not fall within an exception to the hearsay rule. For the same reasons set forth above, the Court will permit the statement for its non-hearsay purposes only, *if* it is otherwise relevant and admissible.

      According to Defendant, Ray never reported Young's conduct.  Thus, Ray's testimony regarding the conduct is not relevant to whether the County was *on notice* of that conduct. It is, however, relevant and admissible as an instance that goes to whether Plaintiff experienced a hostile work environment. Defendant argues that Bland was not aware of this incident "during the time that she alleges she was harassed by Young."

(Mem. at 11.)  That will not prohibit its admission, for the reasons set forth in Section A above.  *See also Ziskie*, 547 F.3d at 225.

Defendant further argues that Bland indicated to Defendant that she will seek to introduce the transcript of Ray's interview with Captain Felicia Edwards, the Department's Equal Employment Opportunity ("EEO") officer who investigated Bland's complaint against Young.  (Mem. at 11 n.1; Plaintiff's Trial Ex. 17.)

Defendant argues this transcript is inadmissible hearsay and irrelevant.  *Id*.  Stating that something is hearsay does not make it so, and as set forth above there are non-hearsay purposes available to Bland.  If statements contained in the transcript *are hearsay*, however, those statements will be inadmissible.  Plaintiff has provided the Court with no indication of what statements from and for what purposes she will proffer these transcripts.  Thus, Plaintiff has presented the Court no argument as to whether those statements are admissible for non-hearsay purposes.  Accordingly, the transcripts are inadmissible.

E.    Stacey Bailey's Alleged Harassment

According to Defendant, Stacey Bailey and Hector Rivera are expected to testify that Bailey was harassed by Young beginning in the spring or summer of 2008.  (Mem. at 11.)

Defendant first argues that this testimony, "which is based on Young's statements to Bailey, does not meet the requirement of Fed. R. Evid. 801(d)(2) and is therefore inadmissible hearsay." This argument fails for the same reasons set forth above.  It will be admissible *only* for any non-hearsay purposes, such as being used only to prove that a prior statement was made and not to prove the truth of the statement.  *Ayala*, 601 F.3d at 272.

Defendant next argues that this testimony should not be admissible because it is irrelevant in that it occurred after the alleged harassment of Bland stopped and because Bland was unaware of it.  (Mem. at 11-12.)  First, if it is offered to support the objective element of the severe or pervasive inquiry, it is relevant and admissible for that purpose, for the reasons set forth above.  Second, if it is being offered for the inquiry of whether Young's conduct is imputable to the County, by using the testimony to show that the County failed to take effective action to stop Young's conduct, *Winter*, 446 F.3d at 565, the testimony is relevant and will be admissible unless Defendant shows some other bar to its admissibility.

### F.    O'Connor's Testimony of Young's Statement

Sean O'Connor is expected to testify that Young made the statement to him at work that "working in recruitment is the best way to get p***y."  (Mem. at 12.)  Defendant first argues that this testimony "is inadmissible hearsay because it does not

17

does not meet the requirement of Fed. R. Civ. P. 801(d)(2)(D)."
*Id*. That argument fails for the reasons set forth above, and
the Court will permit the statement for its non-hearsay purposes
unless there is another bar to its admission.

As to its non-hearsay purpose, Plaintiff represented
at oral argument regarding this Motion in Limine that the
O'Connor statement goes to Young's motive and intent. As to
that, the Court finds that the probative value of O'Connor's
statement is substantially outweighed by the danger of unfair
prejudice. Young's motive or intent in *working in recruitment*
is not, in itself, at issue. That Bland was harassed because of
gender is. Thus, testimony to show that fact is, of course,
relevant. The particular term O'Connor would use in his
testimony, however, is particularly offensive and is minimally
probative, as opposed to a less offensive statement to the
effect that Bland was harassed based on her gender. Thus, this
evidence will result in unfair prejudice, as it will damage the
opponent for reasons other than its probative value, such as its
offensiveness, and that unfair prejudice substantially outweighs
the minimal probative value of the evidence.

G.   Young's Other Sexual Relationships

Bland is expected to ask Young about other women with
whom he has had consensual sexual relationships. (Mem. at 12.)

Young's consensual sexual relationships are irrelevant and
testimony about and concerning them is inadmissible.

>H.    Mr. Bland's Testimony of Harassment of Other's
>       Female Firefighters

M. Bland, who is Bland's husband, is expected to
testify that he is "aware of" a female employee who was sexually
harassed by male firefighters at Fire Station 1.  (Mem. at 13.)
According to Defendant, "Bland's knowledge of the alleged
harassment comes from his alleged discussions with the alleged
harassers, and not from any firsthand knowledge or observation
of the harassment."  *Id*.  Plaintiff concedes the statements to
which Mr. Bland will testify will be statements made to him by
other firefighters, but does not know when these statements were
made or who made them.  Without some basis as to how these
statements will not be hearsay, the Court will find them
inadmissible.

>I.    Plaintiff's Testimony About Harassment by
>       Firefighters Other than Young

Stacey Bailey is also expected to testify that, from
February 2005 to February 2006, she was subjected to a hostile
work environment by several individuals with whom she worked at
Fire Station 30 and by individuals other than Young at Fire
Station 40.  (Mem. at 13.)  Defendant argues that "Bailey's
testimony about statements made to her by other firefighters
does not meet the requirement of Fed. R. Evid. 801(d)(2) and is
therefore inadmissible hearsay."  *Id*.  This argument fails as

set forth above, and Bailey's testimony will be admissible for
its non-hearsay purposes.

Defendant also argues that "Bland was not aware of the
alleged harassment of Bailey during the time that she alleges
that she was harassed by Young," so Bailey's testimony is
irrelevant.  *Id*.  This argument fails for the reasons set forth
above.  Bailey's testimony of other incidents is relevant and
will be admissible unless another rule bars its admission.

Defendant also argues this testimony's probative value
is far outweighed by its prejudice to the County.  *Id*.  Here,
the Court finds that the probative value of Bailey's testimony
is not necessarily substantially outweighed by the danger of
unfair prejudice.  The evidence is relevant and any danger of
prejudice will be addressed with a limiting instruction.  The
Court will not bar Bailey's testimony wholesale, but depending
on the particular testimony, the Court will revisit the Rule 403
balancing.

J.   Prior EEO Investigations

Bland is expected to seek the introduction of
documents from the Department's prior EEO office investigations,
some of which were investigated by Edwards when she was the
Department's EEO officer. (Mem. at 14.)  As an initial matter,
these documents appear to be Plaintiff's Trial Exhibit 18, but
do not appear to be included in the exhibits delivered to the

Court pre-trial on May 19.  Defendant argues that "the contents

of these documents do not meet the requirements of Fed. R. Evid.

801(d)(2) and are therefore inadmissible hearsay."  *Id*.  Again,

this argument fails for the same reasons.  If the statements

contained in the documents that Plaintiff seeks to introduce

into evidence are relevant and have a *non-hearsay purpose*, they

will be admissible.

At oral argument regarding this Motion in Limine,

Plaintiff represented to the Court that these investigations

contain findings by the Department's EEO officer and that she

intended to use these investigations to show a pattern of

conduct.  The findings of these investigations are necessarily

hearsay, in that they could only be offered for the truth of

what they assert, *i.e.* that what they say really happened.  The

same is true for the purpose of showing a pattern of conduct.

For there to be a pattern (and putting aside any Rule 404(a)

concerns), the prior incidents must have occurred.  For

Plaintiff to show they indeed occurred, Plaintiff must offer the

investigations for the truth of what the statements assert.

Thus, the EEO investigations will be inadmissible.

The Court notes that the Supreme Court has explained

that "prior administrative findings made with respect to an

employment discrimination claim," such as Equal Employment

Opportunity Commission determinations, are admissible under the

Federal Rules of Evidence.  *Chandler v. Roudebush*, 425 U.S. 840, 863 n.39 (1976) (citing Fed. R. Evid. 803(8)(C)).  Documents from the Department's prior EEO office investigations, however, are not qualifying administrative findings.  Thus, this rule does not permit their admission in and of itself.

### IV.  Conclusion

For these reasons, the Court will grant in part and deny in part Defendant's Motion in Limine.

An appropriate Order will issue.

|                         | /s/                                   |
| ----------------------- | ------------------------------------- |
| June 20, 2011           | James C. Cacheris                     |
| Alexandria, Virginia    | UNITED STATES DISTRICT COURT JUDGE    |