```
                IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF VIRGINIA

                            Alexandria Division


MARY GETTS BLAND,                )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )  1:10cv1030 (JCC/JFA)
                                 )
FAIRFAX COUNTY, VIRGINIA,        )
                                 )
     Defendant.                  )
```

**M E M O R A N D U M   O P I N I O N**

After a trial on the merits in which the jury returned a verdict for Plaintiff, Defendant moved to dismiss this case for lack of subject matter jurisdiction, not because jurisdiction does not exist (it does), but because jurisdiction was defectively pleaded (it was).  For the following reasons, the Court will deny Defendant Fairfax County, Virginia's (the "Defendant" or the "County") motion to dismiss for lack of jurisdiction (the "Motion").

**I.  Background**

   A.  Factual Background

This case arises out of alleged incidents of sexual harassment by a male firefighter in the Fairfax County Fire and Rescue Department against a female firefighter.  Plaintiff Mary Getts Bland ("Plaintiff" or "Bland") alleges that by allowing Lieutenant Timothy Young ("Young") to harass her, the County

1

violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to e17 ("Title VII").

B. Procedural Background

Plaintiff filed suit against the County on September 15, 2010. [Dkt 1.] Jury trial began on May 23, 2011. After a two-and-a-half-day trial, the jury returned a verdict in favor of Plaintiff in the amount of $250,000, and the Clerk of the Court entered a judgment in favor of Plaintiff. [Dkt. 77.]

Defendant orally made a motion to dismiss Plaintiff's case as time-barred on May 24, 2011, after the close of Plaintiff's case; Defendant then filed a corresponding written motion, [Dkt. 70]. The Court took that motion under advisement, permitting the trial to be completed so that the record would be complete. With leave of the Court, both Defendant, [Dkt. 70], and Plaintiff, [Dkt. 72], filed briefs on the time-bar issue. The Court then took oral argument on that motion and permitted further briefing on that issue.

Defendant filed its additional brief on June 3, 2011, after the conclusion of the trial. [Dkt. 78.] In that brief, Defendant went beyond the time-bar issue and argued, for the first time in this case, that this Court lacks jurisdiction over this matter due to Plaintiff's failure to allege exhaustion of her administrative remedies.[1] (Supplemental Memorandum ("Mem.")

---

[1] Though the County does not state the procedural posture of its Motion, it is, in effect, a motion to dismiss for lack of subject matter jurisdiction

2

[Dkt. 78] at 2-3.)  Because Defendant had not previously raised this issue at any point, and had not done so in its mid-trial motion to dismiss the case as time-barred, [Dkt. 70], the Court ordered Plaintiff to respond and Defendant to reply.  Plaintiff, [Dkt. 80], and Defendant, [Dkt. 85], did so.

Defendant's Motion is before the Court.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert by motion a defense of lack of subject matter jurisdiction.  Whereas certain defenses may be waived, *see generally* Federal Rule of Civil Procedure 12(h), Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Indeed, "[t]he objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, *even after trial and the entry of judgment*." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (emphasis added). Subject matter jurisdiction requirements can never be forfeited or waived.  *United States v. Cotton*, 535 U.S. 625, 630 (2002).

"There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction" pursuant to Rule 12(b)(1) of the Federal Rules of

---

pursuant to Federal Rule of Civil Procedure 12(b)(1), and the Court will address it as such.

Civil Procedure. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, a Rule 12(b)(1) motion may attack the complaint on its face, asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Id*. This is often referred to as a "facial attack" or a "sufficiency challenge." *See, e.g.*, *Callahan v. United States*, 337 F. Supp. 2d 348, 350 n.2 (D. Mass. 2004). "In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams*, 697 F.2d at 1219.

"Second, it may be contended that the jurisdictional allegations of the complaint were not true." *Id*. This is sometimes called a "factual challenge." *Northwest Home Designing Inc. v. Sound Built Homes Inc.*, --- F. Supp. 2d ---, 2011 WL 825578, at *2 (W.D. Wash. Mar. 01, 2011). In considering a "factual challenge," the trial court may "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Adams*, 697 F.2d at 1219.

Significantly, in considering a "facial challenge," the Court "may also consider matters of public record the parties do not dispute and certain other materials." *See, e.g.*, *L.K. ex rel. Henderson v. N.C. State Bd. of Educ.*, No. 5:08cv85,

2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011); *N.Y. Shipping Ass'n v. Waterfront Comm'n of N.Y. Harbor*, No. Civ. A. 10-5633, 2011 WL 1042771, at *2 (D.N.J. Mar. 18, 2011) ("In a facial attack . . . . [a] court may . . . consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.") (emphasis added); *Community Fin. Group, Inc. v. Republic of Kenya*, --- F. Supp. 2d ---, 2011 WL 915131, at *1 (D. Minn. Mar. 15, 2011) ("In a facial challenge under Rule 12(b)(1) . . . . [t]he court limits its inquiry to the pleadings. The pleadings, however, include matters of public record."); *Paschal v. Univ. of Pittsburgh School of Dental Medicine*, No. Civ. A. 10-502, 2010 WL 4854675, *3 (W.D. Pa. Nov. 22, 2010) (on "a facial challenge to the court's subject matter jurisdiction . . . the court is not required to review evidence extrinsic to the pleadings, except matters of which the court may take judicial notice") (emphasis added); *Bridgewater v. Double Diamond-Delaware, Inc.*, No. 3:09cv1758, 2010 WL 1875617, at *5 (N.D. Tex. May 10, 2010) ("In reviewing a facial attack, the Court may consider, in a light most favorable to the plaintiff, the allegations of the complaint and documents referenced therein, as well as matters of public record such as court records.").

In any case, the burden of alleging facts sufficient to establish such subject-matter jurisdiction falls on the plaintiff, *see, e.g.*, *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999), and the question of whether the court has jurisdiction is one the court must determine, not the jury, *see, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

### III. Analysis

Defendant argues that Plaintiff, because she did not plead that she received or was entitled to receive a right-to-sue letter from the EEOC or otherwise plead that she exhausted her administrative remedies, failed to properly invoke in her Complaint the jurisdiction of this Court, and therefore this Court lacks jurisdiction. (Mem. at 2.) Plaintiff, in opposition, argues that exhaustion of administrative remedies cannot be properly considered a jurisdictional prerequisite, and thus her failure to plead such exhaustion does not defeat jurisdiction. (Opposition ("Opp.") [Dkt. 80] at 2-9.) Though not stated in these terms, the County is making a facial challenge to Plaintiff's Complaint, as it is asserting simply that the complaint "fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219.

#### A. Exhaustion is a Jurisdictional Prerequisite

The Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a

6

jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. N.C. Dep't of Corrections*, 48 F.3d 134, 140 (4th Cir. 1995); *accord United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) ("[A] plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the Equal [Employment] Opportunity Commission together with receipt of, and action on, a statutory notice of his right to sue."). Thus, "where '[n]either the complaint nor the amended complaint alleges' that the plaintiff has 'complied with these prerequisites,' the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Davis*, 48 F.3d at 140 (quoting *United Black Firefighters*, 604 F.2d at 847).

Plaintiff argues that after the Supreme Court's decision in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the Fourth Circuit's *Davis* decision is no longer good law. In *Arbaugh*, the Supreme Court held that that Title VII's 15-employee threshold "is an element of a plaintiff's claim for relief, not a jurisdictional issue." 546 U.S. at 516. "A majority of the federal circuits has concluded that the exhaustion of administrative remedies is a precondition to bringing a Title VII claim, rather than a jurisdictional requirement." *Branch-Williams v. Nicholson*, No. WDQ-06-1327, 2007 WL 4468708, at *3 (D. Md. Apr. 2, 2007) (collecting cases

from the First, Second, Third, Fifth, Sixth, Seventh, Ninth, and Eleventh Circuits). The Fourth Circuit, however, is not one of those circuits.

Instead, "the Fourth Circuit has recently reaffirmed *Davis*, albeit without discussing *Arbaugh*," *Alexander v. City of Greensboro*, No. 1:09-CV-934, 2011 WL 13857, at *5 n.5 (M.D.N.C. Jan. 4, 2011), in *Jones v. Calvert Group*, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). Indeed, this Court has recently reiterated *Davis's* application in this District. *See Williams v. Ocean Beach Club, LLC*, No. 2:09cv461, 2011 WL 2015345, at *7 (E.D. Va. Apr. 29, 2011) (Davis, J.).

Though the Fourth Circuit is, of course, welcome to revisit *Davis* and *Jones* in light of *Arbaugh*, that is for the Fourth Circuit and not this Court. "[T]his court is bound by directly controlling Fourth Circuit authority." *Alexander*, 2011 WL 13857, at *5 n.5. Thus, it remains true in this Circuit that exhaustion of administrative remedies, including at least entitlement to a right-to-sue letter, is a jurisdictional prerequisite to a Title VII claim. *Davis*, 48 F.3d at 140.[2]

### B. Plaintiff's Complaint May Be Deemed Amended

Because exhaustion of administrative remedies is a jurisdictional prerequisite, an objection that a plaintiff has failed to exhaust her administrative remedies may be raised at

---

[2] The Court notes that were exhaustion of administrative remedies not jurisdictional, the Court would deem this affirmative defense waived.

any time, including after trial and entry of a judgment, as set forth above.  Here, however, the Court is not faced with the *absence* of jurisdiction in fact, but a *defect* in properly pleading jurisdiction in Plaintiff's Complaint.  The question, then, is whether this Court may cure such a defect by taking judicial notice that Plaintiff indeed exhausted her administrative remedies but simply failed to say so in her Complaint.  This Court finds that it may.

*Davis* admonishes that "receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that *must be alleged in a plaintiff's complaint*." 48 F.3d at 140 (emphasis added).  This, however, is neither remarkable nor unique to Title VII cases.  *All* complaints, whatever the basis of jurisdiction, must allege facts sufficient to show that a court has jurisdiction over the case.  Fed. R. Civ. Pro. 8(a)(1) (stating that a pleading "must contain . . . a short and plain statement of the grounds for the court's jurisdiction").  Thus, to say that a plaintiff must allege entitlement to or receipt of a right-to-sue-letter in her complaint is no different than saying that a plaintiff must allege that she is of diverse citizenship from the defendant, for instance.

It is well-established that a failure to properly plead jurisdiction in a Complaint may later be cured where

9

jurisdiction in fact exists and where concerns for waste of resources and judicial economy warrant. In the context of removal jurisdiction, the Fourth Circuit has held that "[w]here a matter has proceeded to judgment on the merits and principles of federal jurisdiction and fairness to parties remain uncompromised, to disturb the judgment on the basis of a defect in the initial removal would be a waste of judicial resources." *Able v. Upjohn Co., Inc.*, 829 F.2d 1330, 1334 (4th Cir. 1987), overruled on other grounds by *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 n.11 (1996). The Fourth Circuit recently reiterated that the "line of precedent, which excuses jurisdictional defects at the time of removal when they are later cured" is grounded in in larger considerations of "judicial economy." *Moffitt v. Residential Funding Co., LLC*, 604 F.3d 156, 160 (4th Cir. 2010). "In *Caterpillar*, for instance, the [Supreme] Court emphasized that remanding the case after the jurisdictional defect had been cured would 'impose unnecessary and wasteful burdens on the parties, judges, and other litigants.'" *Id*. (quoting *Caterpillar*, 519 U.S. at 76 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836 (1989)).

The Second Circuit, in the diversity jurisdiction context, has also stated that "[a]lthough a plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the

district court has subject matter jurisdiction . . . its failure to do so does not always require that the action be dismissed, for 'the actual *existence* of diversity jurisdiction, *ab initio*, does not depend on the complaint's compliance with these procedural requirements.'" *Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (emphasis in original) (quoting *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 (2d Cir. 2000)). "Thus, 'where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may . . . allow a complaint to be amended to assert those necessary facts.'" *Id*. (quoting *Herrick Co., Inc. v. SCS Communications, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001)).

Significantly, the Second Circuit held that "when the record as a whole, as supplemented, establishes the existence of the requisite diversity of citizenship between the parties, *we may simply 'deem the pleadings amended* so as to properly allege diversity jurisdiction.'" *Id*. (emphasis added) (quoting *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (holding diversity established in light of affidavits submitted to this Court, where "the affidavits [we]re contested by neither party, and there [wa]s nothing in the record to suggest lack of jurisdiction")); *Jacobs*, 230 F.3d at 567-68 (upholding default

judgment despite the complaint's failure to allege the parties' citizenship, rather than merely their residence, where supplementation of the record before the court revealed diversity of citizenship).

The Supreme Court has spoken on the diversity issue as well, in a case where the complaint alleged that a party was a "resident" of a state and thus was deficient to allege she was a "citizen" of that state, but where the parties conceded before the appellate court and the Supreme Court that she was a "citizen" of that state. *Realty Holding Co. v. Donaldson*, 268 U.S. 398, 399-400 (1925). The Supreme Court concluded that "[s]ince the defect may be cured by amendment and nothing is to be gained by sending the case back for that purpose, we shall consider the amendment made and dispose of the case." *Id*. at 400. Thus, a wealth of case law makes clear that Courts are free to cure failures to adequately plead facts underlying removal and diversity jurisdiction where considerations such as judicial economy and waste of resources counsel such a cure.

The Court sees no reason why those same considerations would not apply in this jurisdictional context, as well. Indeed, this Court has done just that in at least once instance, albeit in a case involving a *pro se* plaintiff. In *Huser v. Antonelli, Terry, Stout & Kraus, LLP*, No. 1:04-CV-01452, 2005 WL 4663732 (E.D. Va. July 26, 2005) (Ellis, J.), a case concerning

the Americans with Disabilities Act[3] and the Age Discrimination in Employment Act,[4] Judge Ellis held that where the plaintiff's complaint was "deficient" in alleging exhaustion of administrative remedies but "it appear[ed] from plaintiff's Opposition to Defendant's Motion to Dismiss that there is subject matter jurisdiction over this matter," defendant's motion to dismiss for lack of subject matter jurisdiction was denied. *Id.* at *1.

Here, although she failed to plead facts supporting her receipt of her right-to-sue letter, Plaintiff provided the Court with the letter itself in her Opposition. (Opp. Ex. 1 [Dkt. 80-1]). The County acknowledged in Open Court that Plaintiff in fact received the letter and has not challenged its authenticity. Thus, it appears undisputed that the jurisdictional prerequisite of obtaining the letter was met, though not pled.

Federal Rule of Evidence 201(b) permits this Court to take judicial notice of certain facts and materials that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." It is well-established that this includes matters of public record. *See, e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) ("[O]n a motion to dismiss . . . we are not precluded in our

---

[3] 42 U.S.C. § 12101 *et seq*.
[4] 29 U.S.C. § 621 *et seq*.

review of the complaint from taking notice of items in the public record."); *Greenblatt v. Gluck*, No. 03civ597, 2003 WL 1344953, at *1 n.1 (S.D.N.Y. Mar. 19, 2003) ("Although these facts are not alleged in the Complaint, the Court will take judicial notice of the public filings in that case for purposes of this Rule 12(b)(1) motion."). An EEOC right-to-sue letter is such a public record of which a court may take judicial notice. *See, e.g.*, *Pearson v. PeopleScout, Inc.*, No. 10c5542, 2011 WL 1575990, at *1 n.1 (N.D. Ill. Apr. 26, 2011) (taking judicial notice of EEOC charges and right-to-sue letters*); Robinson v. Heritage Elementary School*, No. CV-09-0541, 2010 WL 1511663, at *3 (D. Ariz. Apr. 15, 2011) (same); *Gallo v. Bd. of Regents of Univ. of Cal.*, 916 F. Supp. 1005, 1007 (S.D. Cal. 1995) ("The Court may consider both the EEOC right to sue letter and the EEOC charge . . . as public records subject to judicial notice.").

Moreover, the unique procedural posture presented by Defendant's motion, hopefully *sui generis*, calls for an exercise of judicial notice here. The case was tried, over two-and-a-half days, to a jury that returned a verdict in favor of Plaintiff. The Clerk of the Court entered judgment accordingly. Only *then* did the County raise this objection, on June 2, 2011, and then only in a supplemental brief (permitted by the Court to address a separate issue), which was the 78th docket entry in

this case, filed nearly nine months after Plaintiff filed her Complaint.  In light of Plaintiff's having now provided what all appear to accept is a valid right-to-sue letter, it would be a massive waste of resources--the parties', the jurors', the 14 witnesses', other litigants', and this Court's--not to take notice of that letter and to amend the pleadings accordingly.[5]

      The Court therefore takes judicial notice of Plaintiff's right-to-sue-letter and will deem Plaintiff's Complaint amended to have pleaded receipt of her right-to-sue letter.  To be clear, the Court comes to this conclusion out of no greater or lesser consideration for Plaintiff or Defendant, but out of institutional concerns.  Nor is the Court moved by any fault on the part of either Plaintiff (who should have pleaded properly) or Defendant (who should have raised this issue well before it did).  The Court is troubled solely by the unnecessary and wasteful burden that would be placed on the parties, the jurors, the 14 witnesses, other litigants, and this Court if the Court were to grant Defendant's Motion based solely on Plaintiff's defective *pleading* of jurisdiction when it is clear from the record that jurisdiction in fact *exists*.  The County's Motion is therefore denied.

---

[5] This waste of resources distinguishes this case from *Williams v. Ocean Beach Club*, as the motion to dismiss in that case came--in the normal course of affairs--at the beginning of the case, when requiring the plaintiff to re-plead would not implicate judicial economy.  Here, the motion to dismiss came after the conclusion of a trial on the merits, return of a verdict, and entry of a judgment.

## IV. Conclusion

For these reasons, the Court will deny Defendant's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 29, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |