```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF VIRGINIA

                            Alexandria Division


MARY GETTS BLAND,                )
                                 )
     Plaintiff,                  )
                                 )
          v.                     )    1:10cv1030 (JCC/JFA)
                                 )
FAIRFAX COUNTY, VIRGINIA,        )
                                 )
     Defendant.                  )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Fairfax County, Virginia's (the "Defendant" or the "County"), mid-trial motion to dismiss Plaintiff's case as time barred (the "Motion"). For the following reasons, the Court will deny Defendant's Motion.

### I. Background

A. Factual Background

This case arises out of alleged incidents of sexual harassment by a male firefighter in the Fairfax County Fire and Rescue Department against a female firefighter. Plaintiff Mary Getts Bland ("Plaintiff" or "Bland") alleges that by allowing Lieutenant Timothy Young ("Young") to harass her, the County violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to e17 ("Title VII").

1

B.  Procedural Background

Plaintiff filed suit against the County on September 15, 2010. [Dkt 1.] Jury trial began on May 23, 2011. Defendant made its Motion orally on May 24, 2011, after the close of Plaintiff's case.[1] Defendant then filed a corresponding written motion. [Dkt. 70.] With leave of the Court, both Plaintiff, [Dkt. 72], and Defendant, [Dkt. 70], filed written briefs and, after oral argument on the Motion, supplemental briefing, [Dkts. 78, 80, 85].

Defendant's Motion is before the Court.

## II.  Standard of Review

In its motion under Federal Rule of Civil Procedure Rule 50(a) for judgment as a matter of law[2], the County argued that Plaintiff's case should be dismissed as untimely as a matter of law because Plaintiff is precluded from using any alleged sexual harassment incidents that occurred more than 300 days before the filing of Plaintiff's charge to the Equal Employment Opportunity Commission (the "EEOC") and the Virginia Council on Human Rights (the "EEOC charge"). The County argued that because filing of a timely EEOC charge is a jurisdictional prerequisite, the Court cannot hear Plaintiff's case.

---

[1] Defendant raised the Motion in the context of its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a).
[2] In Open Court, the Court denied Defendant's Rule 50(a) motion as to all issues but the time-bar issues addressed herein.

2

As a general matter, a plaintiff's failure to exhaust his or her administrative remedies, such as filing a timely charge of employment discrimination with the EEOC, deprives a Court of subject matter jurisdiction to address his or her claim. *See, e.g.*, *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.") As this Court recently stated in *Edwards v. Murphy-Brown, L.L.C.*, --- F.Supp.2d ----, 2011 WL 124209 (E.D. Va. Jan. 4, 2011), "'[f]ailure to exhaust" arguments in Title VII cases are to be distinguished from the situation where a specific charge of discrimination is filed with the EEOC, but it is allegedly untimely because the event occurred more than 300 days before the date the charge was filed." *Id*. Significantly, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).

Under Title VII, an employee must initially file a charge with the EEOC before bringing a civil suit in court. *Edwards*, 2011 WL 124209, at *8. Typically, a charge must be "filed within one hundred and eighty days after the alleged

3

unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The 180 day period, however, is extended to 300 days "'when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency.'" *Id.* (quoting *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998)).

Because Virginia is a "deferral state." *Id.* at *9 (citing *Tinsley*, 155 F.3d at 440), where, as here, an employee challenges an employment practice of in Virginia, he or she has 300 days from the last date of alleged discrimination to file a charge with the EEOC. *Id.* (citing *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002)). If the 300-day "statutory time period elapses between the allegedly discriminatory incident[3] and the filing of the EEOC charge, the litigant is forever barred from Title VII relief." *Id.* (citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 109 ("A claim is time barred if it is not filed within these time limits.")).

### III. Analysis

Plaintiff filed her EEOC charge on December 18, 2008. [*See* Dkt. 59-1.] The County argues that Plaintiff has not alleged any events occurring after November 25, 2007, the date of the pike pole/fire hose incident (further described in this

---

[3] Plaintiff argued in Open Court that her EEOC charge was timely because a May 2008 incident brings this case within the "continuing violation doctrine." Because of the Court's disposition of this Motion, the Court does not address that argument.

4

Court's May 3, 2011 Memorandum Opinion [Dkt. 34]). Thus, according to the County, Plaintiff's was required to file her EEOC charge no later than September 20, 2008. (Supplemental Memorandum ("Supp.") [Dkt. 78] at 2.) Because Plaintiff filed her charge in December 2008, her EEOC charge was untimely filed and the case must be dismissed.

    A.    <u>Waiver</u>

Regardless of when Plaintiff filed her EEOC charge and when the last alleged incident occurred, Defendant first raised this time-bar defense in its Federal Rule of Civil Procedure 50(a) motion at trial, after Plaintiff had presented her case to the jury. An affirmative defense raised at this late stage in a case raises the possibility that the County waived its time-bar defense. Defendant originally argued that, because the 300-day deadline is a *jurisdictional bar*, the time-bar defense cannot be waived. Defendant later walked-back this jurisdictional argument, but reiterated in Open Court that the requirement is "effectively jurisdictional."

The Supreme Court addressed this premise directly in *Zipes v. Trans World Airlines, Inc.*, holding that "filing a timely charge of discrimination with the EEOC is *not a jurisdictional prerequisite* to suit in federal court, but a requirement that, like a statute of limitation, *is subject to waiver*, estoppel, and equitable tolling." 455 U.S. 385, 393

5

(1982) (emphasis added).  So not only is this time-bar issue *not* a jurisdictional one, it can be waived.

Federal Rule of Civil Procedure 8(c)(1) requires that, "[i]n responding to a pleading, a party must affirmatively state *any* . . . affirmative defense," including "statute of limitations." (emphasis added).  The Fourth Circuit has stated that "[i]t is well settled that the defense of limitations is waived unless asserted promptly by way of answer or motion." *Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1164 (4th Cir. 1985)).  Waiver is not automatic, but where there is "a showing of prejudice or unfair surprise," a defense may be waived.  *Id*.

That is precisely the situation here.  Nowhere in this case's then-69 docket entries spanning eight months was a word spoken on this issue until after the Plaintiff presented her case to the jury and rested.  Defendant failed to raise anything resembling this issue in its Answer.  Defendant failed to raise it in its lengthy summary judgment motion or in its lengthy reply and supplemental briefs.  Defendant failed to raise it in its three motions in limine, including its motion in limine raising the issue of failure of exhaustion of EEOC administrative remedies as bar to the admissibility of certain evidence.  Indeed, Defendant even failed to raise the issue despite this Court recently dismissing a case involving the

County and the same plaintiff's counsel for failure to exhaust administrative remedies.  *See Sydnor v. Fairfax Cnty.*, No. 1:10cv934, 2011 WL 1086388 (E.D. Va. Mar. 23, 2011).

Instead, Defendant first raised this issue at trial, after the conclusion of Plaintiff's case.  If that is not unfair surprise, nothing is.  Indeed, when the Court asked the County in Open Court after it raised this issue why it had not waived this defense, the County had no response.

Responding to the Court's waiver question in its supplemental reply memorandum, the County cites *Peterson v. Air Line Pilots Association, International*, 759 F.2d 1161, 1164 (4th Cir. 1985), for the unremarkable proposition that "in cases where, from the very outset, no cloud obscured the right of the defendant to plead limitations, courts have permitted defendants to raise limitations even though not asserted as a defense in the original answer."  That statement is all well and good, but it does no work for the County, particularly since, as stated above, *Peterson* reiterates that "[i]t is well settled that the defense of limitations is waived unless asserted promptly by way of answer or motion," and that waiver requires a "showing of prejudice or unfair surprise."  *Id*.  As stated above, the County's Motion was not promptly raised by way of answer or motion, and if, in a heavily litigated case such as this one, waiting to raise a time-bar affirmative defense until after the

conclusion of a plaintiff's case is not unfair surprise, then nothing is.

The County also cites to *Pierce v. County of Oakland*, 652 F.2d 671 (6th Cir. 1981), for support. Setting aside that *Pierce* is not controlling in this Circuit, that case is inapposite. In *Pierce*, unlike here, "it was apparent from the face of the complaint that the three-year statute of limitations had run." 652 F.2d at 671. Also, again unlike here, the defendants in *Pierce* "apparently mentioned at one [pre-trial] conference that they intended to raise a jurisdictional defense." *Id*. More importantly, the *Pierce* defendants moved *on the day of trial* for dismissal based on statute of limitations, *id*., not, as here, *after* the plaintiff had put on her case to a jury. Had the County raised the limitations issue in one of its motions in limine that the Court heard on the morning before trial began, the issue may not have been waived. The County did not do so, and instead waited until after Plaintiff had rested.

Defendant also cites *Pierce* for the argument that because Plaintiff "did not forego other avenues of relief in reliance on defendants' failure to raise the defense," 652 F.2d at 673, the County has not waived its time-bar defense. (Reply [Dkt. 85] at 15.) This argument goes to prejudice, and although it may be true that Plaintiff has not suffered prejudice in this manner, an affirmative defense may be waived due to "prejudice

8

*or* unfair surprise." *Peterson*, 759 F.2d at 1164. As stated above, the Court finds that Defendant's delay in raising this defense results in unfair surprise.

The County makes an additional, factual, argument against waiver. In its supplemental reply memorandum, the County argues that the fault is with Plaintiff, because although she received her EEOC file on August 20, 2010, she did not provide her EEOC file to the County until February 3, 2011. (Reply [Dkt. 85] at 14, n.2.) Had Plaintiff provided her EEOC file earlier, with her required initial disclosures, argues the County, then "it would have been apparent early in the proceedings that Bland's EEOC charge was not timely filed." *Id*. This argument is nonsense. Even granting, *arguendo*, that the County could have done nothing until it received Bland's EEOC file, the County received the file on *February 3, 2011*, nearly *four months* before it moved for dismissal based on the time-bar issue. Moreover, the County believed (incorrectly) that the time-bar issue was jurisdictional until the Court directed the parties to *Zipes*, so it surely did not feel constrained by any timing considerations to move for dismissal, given it argued (correctly) that a jurisdictional issue may be raised at any time. On its terms, the County should have raised this issue sometime after February 11, 2011, well *before* trial, not *after* the close of Plaintiff's case.

The County also makes much of the fact that although Plaintiff's intake questionnaire states that the pike-pole incident occurred in November 2008, it occurred in 2007. (Reply [Dkt. 85] at 13-14.) Defendant argues that this misled the EEOC, which otherwise would have found Plaintiff's EEOC charge untimely and dismissed it.[4] *Id*. Plaintiff's counsel represented in Open Court that November 2008 was a typographical error, citing Plaintiff's intake questionnaire, which provides the November 2007 date, and stating that the County's response to Plaintiff's EEOC charge corrected the date from November 2008 to November 2007. It is not entirely clear to what end the County makes this argument, but assuming the County is arguing that some confusion in the date of the pike-pole incident caused the EEOC to determine wrongly, in Defendant's view, that Plaintiff's EEOC charge was timely, and the EEOC's determination of timeliness prevented Defendant from raising its time-bar defense, that argument is unavailing.[5] Even assuming, *arguendo*, that the EEOC's determination of timeliness excuses Defendant from making its own determination as to its own affirmative

---

[4] If the EEOC had dismissed Plaintiff's claim as untimely, that in and of itself would not have prevented Plaintiff from bringing suit. 42 U.S.C. § 2000e-5(f) ("If a charge filed with the Commission pursuant . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and . . . a civil action may be brought against the respondent named in the charge.").

[5] To the extent the County is arguing that, due to the 2007/2008 date issue, the Court should disregard the EEOC's timeliness determination for purposes of determining whether Plaintiff's intake questionnaire can be deemed to be a charge, as addressed below, that argument is of no consequence to the Court's analysis, as the Court does not rely here on the EEOC's timeliness determination.

defenses, Plaintiff's Complaint, [Dkt. 1], filed on September 15, 2010, states the pike-pole incident occurred in November 2007, and the County received Plaintiff's EEOC file itself on February 3, 2011.  So, regardless of any confusion of the November 2007 date before then, the County had what it needed at least as of February 3 to determine whether to raise the time-bar defense.  Accordingly, for the reasons set forth above, this Court will deny Defendant's motion as waived.

    B.   <u>The Intake Questionnaire Deemed a Charge</u>

Though, for the reasons set forth above, the County has waived its time-bar defense, the Court finds an alternative and independent basis to deny the Motion.

Plaintiff argues that her EEOC charge was timely even assuming the last act contributing to the hostile work environment occurred November 25, 2007, because she went to the EEOC on July 17, 2008 and completed an intake questionnaire that is sufficient to constitute a charge.  (Opposition ("Opp.") [Dkt. 72] at 1.)  Defendant counters that the intake questionnaire cannot be considered a charge because it was not verified or sworn under oath, and because it did not ask the EEOC to take action to vindicate Plaintiff's rights. (Supplemental Memorandum [Dkt. 78] at 3.)

The Supreme Court recently held in *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), that an EEOC intake

questionnaire constitutes a charge if it contains the information required by the agency's regulations, *see* 29 C.F.R. § 1626.8, and it can reasonably be construed "as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 552 U.S. at 402. Whether a filing is a request must be determined "from the standpoint of an objective observer." *Id*.

This Court recently addressed *Holowecki*'s application to a Title VII time-bar defense in *Taylor v. Oce Imagistics, Inc.*, No. 3:07-CV-792, 2008 WL 2148557 (E.D. Va. 2008). Judge Spencer noted that:

> in *Holowecki* the Court decided that a filing that (1) contained the names, addresses, and telephone numbers of the aggrieved employee and her employer, an allegation that she was a victim of "age discrimination," the number of people employed by the employer, and a statement that she had not sought help from any government agency about her dispute; [and] (2) included an affidavit asking the EEOC to force the employer to stop engaging in age discrimination constituted a charge.

*Id*. at *2 (citing *Holowecki*, 552 U.S. at 404). Judge Spencer further noted that the Supreme Court reached that conclusion "even though the filing was not called a charge, stated that it was intended to facilitate 'pre-charge counseling,' was not assigned a charge number, and did not prompt the EEOC to notify the employee's employer or initiate proceedings against the employer." *Id*. (citing *Holowecki*, 552 U.S. at 408). Judge

12

Spencer then turned to the document at issue in that case, noting that the questionnaire that the plaintiff filed with the EEOC "was drafted in accordance with 42 U.S.C. § 2000e-5 and 29 U.S.C. § 626, the statutes that govern charges of discrimination under Title VII and the ADEA, respectively," stated "that if it is 'the only timely written statement of alleged discrimination, the [EEOC] will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s),'" and contained the plaintiff's and the defendant's names, addresses, and phone numbers, and contained allegations that the defendant discriminated against the plaintiff. *Id*.

Judge Spencer then held that on the basis of these facts, the questionnaire "can reasonably be construed as a request for the EEOC to take action to protect [the plaintiff's] rights or to settle a dispute between her and [the defendant]" and that, "[a]ccordingly, the Court regard[ed] the [q]uestionnaire as a charge of discrimination." *Id*. Significantly, the Court then held that "[s]ince [the questionnaire] was filed within three hundred days of [the defendant's] allegedly discriminatory conduct, the Court has jurisdiction over [the plaintiff's] claims." *Id*.

The same analysis applies here. Plaintiff's EEOC intake questionnaire names Plaintiff and the County, with addresses and phones numbers. (Opp. Ex. 1 [Dkt. 72-1].) It

lists substantially the claims made in this case. *Id*. The questionnaire states that "[t]he purpose of this questionnaire is . . . to enable the [EEOC] to act on matters within its jurisdiction." *Id*. It further states that "[w]hen this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s)." *Id*. As in *Oce Imagistics*, the EEOC intake questionnaire "can [thus] reasonably be construed as a request for the EEOC to take action to protect [Plaintiff's] rights or to settle a dispute between her and [Defendant]." 2008 WL 2148557, at *3. The EEOC intake questionnaire is dated July 17, 2008, and appears to have been sent via fax on July 22, 2008. 300 days from July 22, 2008 (assuming the later date) is September 26, 2007. Because the last alleged incident is November 25, 2007, Plaintiff's intake form constituting a charge was timely.

Defendant argues that this Court should follow a more-recent case from this Court, *Graves v. Industrial Power Generating Corp.*, No. 3:09cv717, 2011 WL 63696 (E.D. Va. Jan. 5, 2011) (Lauck, Mag. J.). (Supplemental Memorandum [Dkt. 78] at 5.) In *Graves*, this Court stated that "[t]he *Holowecki* Court held that an intake questionnaire accompanied by an affidavit could be construed as a timely filed charge." *Id*. at *8 n.19.

14

Because of this, *Graves* found that an "intake questionnaire [that is] an unsworn document . . . cannot be considered a charge under the *Holowecki* standard." *Id*. *Graves* and *Oce Imagistics*, thus, appear to be in conflict.

This Court finds that *Oce Imagistics* has the better of this issue, because *Graves* misreads *Holowecki*. First, the holding in *Holowecki* is clear and does not, by its terms, *require* an accompanying affidavit or that the intake questionnaire be sworn:

> We conclude as follows: In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

552 U.S. at 402. Moreover, a review of the Supreme Court's analysis of the form at issue in *Holowecki* illustrates that an attached affidavit is not a *necessary* prerequisite to an intake questionnaire constituting a charge.

The Supreme Court's analysis of the intake form at issue began by stating that "[h]aving determined that the [EEOC] acted within its authority in formulating the rule that a filing is deemed a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf, the question is whether the filing here meets this test." *Id*. at 404. Then Court then reviewed the intake

15

form, noting it contained all of the information required by the EEOC regulations. *Id*. After this review, the Court turned to petitioner's argument that "the filing was still deficient because it contained no request for the agency to act." *Id*. at 405.

In that context, the Court stated that "were the Intake Questionnaire the only document before us we might agree its handwritten statements do not request action." *Id*. The Court noted that "[t]he design of the [intake] form in use in 2001 [when respondent filed the intake form], moreover, does not give rise to the inference that the employee requests action against the employer." *Id*. The intake form was "not labeled a 'Charge of Discrimination,'" and its wording suggested that it was not a charge, stating "that the form's purpose is to facilitate 'pre-charge filing counseling' and to enable the agency to determine whether it has jurisdiction over 'potential charges.'" Because the attached affidavit, however, "asked the agency to the agency to '[p]lease force [the employer] to end their age discrimination,'" the intake questionnaire taken with the affidavit was "properly construed as a request for the agency to act." *Id*.

Here, the intake form is materially different from that in *Holowecki*. Plaintiff's intake questionnaire provides that "[w]hen this form constitutes the only timely written

16

statement of allegations of employment discrimination, *the Commission will . . . consider it to be a sufficient charge of discrimination under the relevant statute(s).*" (Opp. Ex. 1 (emphasis added).) The intake questionnaire form also states that its purpose "is to solicit information in an acceptable form consistent with statutory requirements *to enable the Commission to act* on matters within its jurisdiction." *Id*. (emphasis added). The Court finds this language is reasonably construed as a request for the agency to take remedial action to protect the Plaintiff's rights or otherwise settle a dispute between the employer and the employee. *Holowecki*, 552 U.S. at 402. Plaintiff's intake questionnaire appears substantially similar to that considered by Judge Spencer in *Oce Imagistics*, discussed above. *Accord Tucker v. Howard University Hosp.*, --- F.Supp.2d ----, No. 10-756, 2011 WL 52863, at *4 (D.D.C. Jan. 7, 2011) (stating that language like that in this intake form and that in the *Oce Imagistics* intake form "leads to the reasonable conclusion that completing the Intake Questionnaire alone can amount to a request for agency action, and therefore a 'charge' under *Holowecki*" and concluding that "even without the accompanying letter from counsel, the Intake Questionnaires can reasonably be construed as requests for agency action"). Moreover, the Court is mindful that the Supreme Court explained in *Holowecki* that "[d]ocuments filed by an employee with the

17

EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies." 552 U.S. at 406. The Court construes the intake questionnaire here consistent with this guidance.

Second, requiring the intake questionnaire to be sworn or to require an accompanying affidavit as the *sine qua non* of the *Holowecki* standard is in conflict with the Supreme Court's holding in *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). In *Edelman*, the plaintiff faxed to the EEOC a letter alleging that the defendant discriminated against him. 535 U.S. at 109. Edelman did not make an oath or affirmation in the letter, but Edelman's later-submitted, untimely EEOC formal charge was verified by oath or affirmation. *Id*. at 109-10. The Court then agreed with the EEOC's regulation that a later, verified charge would relate back to the date on which the original letter was filed. 535 U.S. at 118. Thus, it seems inconsistent with *Edelman* to say that an intake questionnaire cannot serve as a charge *solely* because it was unsworn.[6] *Accord Palmer v. Southwest Airlines Co.*, No. 08C6158, 2009 WL 3462043, at *4 (N.D. Ill. Oct. 23, 2009).

---

[6] Moreover, Plaintiff's formal charge states that Plaintiff "declare[d] under penalty of perjury" as to the stated facts. [Dkt. 59-1.] "A charge is considered 'verified' when it is 'sworn to or affirmed before a notary public . . . or supported by an unsworn declaration in writing under penalty of perjury." *Louis v. Ruis Inventory Specialists, LLC*, No. 08-2662, 2010 WL 831255, at *2 (E.D. Pa. Mar. 4, 2010) (quoting 29 C.F.R. § 1601.3(a)). Defendant, in Open Court, conceded that Plaintiff's EEOC charge was a sworn document.

Defendant relies on a Western District[7] of Virginia case, *Vaughn v. Wal-Mart*, No. 4:10cv31, 2010 WL 4608403 (W.D. Va. Nov. 12, 2010). That decision is persuasive here, but not controlling. The *Vaughn* Court emphasized that the instruction page at the beginning of the EEOC intake questionnaire at issue in that case stated "[f]illing out and bringing us or sending us this questionnaire does not mean that you have filed a charge." *Vaughn*, 2010 WL 4608403, at *4. That language is not in the record here, and even if it were, this Court respectfully disagrees with *Vaughn* as to its import.

*Holowecki* does not stand for the proposition that an intake questionnaire *is* a charge, but for the proposition that in certain instances an intake questionnaire can be "*deemed* a charge" if it can be "reasonably construed as a request for the agency to take remedial action." *Holowecki*, 552 U.S. at 402. That is, an intake questionnaire can be "deemed" a charge, *i.e.*, it can function as charge, even though it is *not* a charge. Thus, that the *Vaughn* intake form stated that "[f]illing out and bringing us or sending us this questionnaire does not mean that you have filed a charge," *Vaughn*, 2010 WL 4608403, at *4, is not in itself dispositive of the *Holowecki* analysis. Filling out an intake questionnaire does not mean that one has filed a charge, but under *Holowecki*, in certain instances the intake

---

[7] The County incorrectly states this case is an Eastern District of Virginia case, from the Richmond division. (Supplemental Memorandum [Dkt. 78] at 10.) It is from the Western District, Danville division.

questionnaire may be *deemed to be* charge despite the fact that it is not, in fact, a charge.

Defendant argues that language on the intake questionnaire stating "**[r]emember**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within . . . 300 days of the alleged discrimination," (Opposition Ex. 1 [Dkt. 67-1] (emphasis in original)), means that the intake questionnaire does not fall under *Holowecki* standard. (Reply [Dkt. 85] at 16.) Again, that the intake questionnaire warns that it is not, in fact, a charge, does not affect whether it should be *deemed to be* a charge under *Holowecki*.

Accordingly, for these reasons, the Court will find that even if Defendant had not waived its time-bar defense, which it has, the intake questionnaire would constitute a charge for purposes of the 300-day time bar.

## IV. Conclusion

For these reasons, the Court will deny Defendant's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| June 29, 2011 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |